FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 2 6 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KENNETH ROVACK,

                                    Plaintiff,                          MEMORANDUM
                                                                        AND ORDER
          -against-
                                                                        08 CV 1617 (NG)(RML)
ANTHONY V. LOTITO, CATHERINE G.
LOTITO, KRZYSZTOF ANIOLCZYK,
and JOLANTA ANIOLCZYK,

                                    Defendants.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

          Plaintiff Kenneth Rovack ("plaintiff") filed the complaint in this diversity action

on April 18, 2008.  On June 30, 2009, plaintiff moved for leave to file an amended complaint.

Defendants Krzysztof Aniolczyk and Jolanta Aniolczyk (collectively, the "Aniolczyk

defendants") have opposed plaintiff's motion.  For the reasons set forth below, plaintiff's motion

is granted.

                              BACKGROUND AND FACTS

          In this action, plaintiff alleges that he sustained various injuries on May 24, 2005.

(See Complaint, filed April 18, 2008 ("Compl.").)  According to the complaint, on that date a

motor vehicle operated by defendant Krzysztof Aniolczyk and owned by defendant Jolanta

Aniolczyk collided with a motor vehicle operated by defendant Anthony Lotito and owned by

defendant Catherine Lotito (the "Lotito vehicle").  (Compl. ¶¶ 9-12.)  The collision propelled the

Lotito vehicle into plaintiff, who was walking along the sidewalk nearby, and drove him through

a bridal shop's plate-glass window.  (Compl. ¶ 12.)  In his complaint, plaintiff alleges the

following injuries:

a.      multiple trauma;

b.      lacerations to the left hand, including base of thumb,
        requiring tetanus immunization;

c.      abrasions to the mouth, left knee, left ankle and foot;

d.      sprain to the left wrist and hand;

e.      sprain to left ankle and mid-foot;

f.      tenosynovitis of the posterior tibial tendon;

g.      an activation and/or an aggravation of preexisting
        asymptomatic bilateral facet osteoarthritis at L4-5;

h.      moderate right hydronephrosis secondary to a ureteropelvic
        junction obstruction necessitating surgery;

i.      a general shock to his nervous system; and

j       severe anxiety and apprehension about his mental and
        physical conditions.

a.-j.   Some or all of which injuries and damages have affected
        plaintiff's ability to engage in and perform normal activities
        of daily living and have prevented him from resuming his
        pre-accident lifestyle.

(Compl. ¶ 13.) Plaintiff now seeks to file a new complaint in order to add the following

additional claims of injury (the "additional claims"):

1.      blunt force head trauma resulting in posttraumatic CSF leak
        and multiple episodes of meningitis;

2.      severe headaches;

3.      a cortical lucency near the posterior aspect of the left
        ethmoid air cells;

4.      left-sided maxillary sinus disease; and

5.   multiple hospitalizations for repeated bouts of meningitis
     with associated symptomatology.

(See Plaintiff's Proposed Amended Complaint ¶ 13, attached as Ex. A to Plaintiff's Motion for

Leave to File Amended Complaint, dated June 30, 2009.)

## DISCUSSION

"The court should freely give leave [to a party to amend its pleading] when justice

so requires." Fed. R. Civ. P. 15(a)(2). Here, the Aniolczyk defendants contend the court should

not give such leave, because "the proposed amendment is legally insufficient and it would be

futile to grant leave to amend," Pastorello v. City of New York, No. 95 Civ. 470, 2001 WL

1543808, at *4 (S.D.N.Y. Dec. 4, 2001) (quotation marks and citation omitted). Specifically,

they argue that plaintiff has (1) "failed to provide an affidavit of merit to the Court" supporting

his amended claims and (2) "failed to submit . . . credible medical evidence . . . that these new

claims are not barred by the applicable . . . statute of limitations under New York Law."

(Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Amended

Complaint, dated Sept. 24, 2009 ("Defs.' Mem."), at 2.) I will consider both arguments in turn.

### A.   Affidavit of Merit

The Aniolczyk defendants note that plaintiff raises his additional claims in a brief

by his attorney, without providing any medical support "to explain what about petitioner's

medical care and treatment caused the discovery of these new injuries and how mere lacerations,

abrasions, sprains, swelling and osteoarthritis can result in such significant injuries that somehow

fail to manifest itself [sic] until four years after the subject incident." (Defs.' Mem. at 3-4.)

Plaintiff has since supplemented his brief with a doctor's declaration. (See Declaration of

Eugenia M. Vining, M.D., dated Nov. 13, 2009 ("Vining Decl."); see also Order, dated Oct. 22, 2009 (allowing plaintiff to submit such a document).) In that declaration, an otolaryngologist who has examined plaintiff and his medical records details relevant aspects of his medical history and concludes that "it is my opinion, based on a reasonable degree of medical probability, that there is a causal relationship between the accident on May 24, 2006 and the head trauma Mr. Rovack sustained as a result of that accident, and his subsequent meningitis." (Vining Decl. ¶ 12.) This declaration moots the Aniolczyk defendants' first argument.

## B. Statute of Limitations

The Aniolczyk defendants' second argument is that "[t]he proposed amended complaint is futile in that 'the claim it seeks to assert is barred by the applicable statute of limitations' and no evidence has been presented to demonstrate that the claim 'relate[s] back to the date of an earlier timely pleading.'" (Defs.' Mem. at 3 (quoting Pastorello, 2001 WL 1543808, at *4 (alteration in original)).)

The statute of limitations for this claim is three years, accruing from the date of the alleged tortious conduct. N.Y. C.P.L.R. § 214(5). The accident allegedly occurred on May 24, 2005, so the additional claims would be time-barred unless they relate back to the filing date of the original complaint. To relate back, the additional claims must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

"So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005) (footnote omitted). "Under Rule 15, the central inquiry is whether adequate notice of

-4-

the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d Cir. 2006) (internal quotation marks and citation omitted). "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." Id.

Here, the additional claims allege injuries arising from the same accident described in the original complaint. Plaintiff contends that the inclusion of the term "multiple trauma" in the original complaint, plus "[t]he violent nature of the accident," were "sufficient to put Defendants on notice that Plaintiff may have sustained head injuries from the accident." (Plaintiff's Memorandum of Law in Support of Motion for Leave to File Amended Complaint, dated Aug. 27, 2009 ("Pl.'s Mem."), at 5-6.) As in their first argument, the Aniolczyk defendants object that the additional claims are "conclusory statements by an attorney without medical support." (Defs.' Mem. at 3.) And as with the Aniolczyk defendants' first argument, plaintiff has eliminated this problem by submitting the Vining Declaration.

I find that the additional claims "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B). Accordingly, the additional claims relate back to the date of the original complaint.

## CONCLUSION

For the above reasons, plaintiff's motion for leave to file an amended complaint is

granted.

SO ORDERED.

Dated: Brooklyn, New York
January 26, 2010

s/RML

ROBERT M. LEVY
United States Magistrate Judge